# IN THE UNITED STATES DISTRICT COURT
# IN THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO.

| | |
|---|---|
| TALEKA ESIET,<br><br>    Plaintiff,<br><br>v.<br><br>CAROMONT HEALTH, INC.,<br><br>    Defendant. | NOTICE OF REMOVAL |

PLEASE TAKE NOTICE that Defendant CaroMont Health, Inc. ("Defendant"), by and through the undersigned counsel, respectfully notices removal of the above-entitled action from the Superior Court of Mecklenburg County, North Carolina, to this Court, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446 on the following grounds:

### I. NATURE OF ACTION

1. On May 5, 2025, Plaintiff Taleka Esiet ("Plaintiff") filed an application and order extending time to file complaint along with the civil summons to be served with order extending time to file complaint in the Superior Court of Mecklenburg County, North Carolina, styled *Taleka Esiet v. CaroMont Health, Inc.*, Civil Action No. 25-CV-022066-590.

2. On May 23, 2025, Plaintiff filed her Complaint in Mecklenburg County, North Carolina (the "Complaint").

3. Upon information and belief, Plaintiff first served the Defendant on June 7, 2025.

4. In the Complaint, Plaintiff purports to make claims of Violation of the Family and Medical Leave Act for Interference and Retaliation (29 U.S.C. § 2601 *et seq.*)(the "FMLA"), Violation of the Americans with Disabilities Act for Failure to Accommodate, Discrimination and Retaliation

(42 U.S.C. § 12101 *et seq.*)(the "ADA"), and claims under the North Carolina Common Law for Wrongful Discharge in Violation of Public Policy. All such claims arise out of Plaintiff's alleged employment at Defendant.

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders received by Defendant in the state court action are attached to this Notice as **Exhibit A**.

## II. FEDERAL JURISDICTION EXISTS – FEDERAL QUESTION

6. The United States District Court for the Western District of North Carolina has jurisdiction over this matter under 28 U.S.C. § 1331 and § 1441(a), and this action is one that may be removed by Defendant, pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1441, based on claims arising under the laws of the United States, including without limitation claims under the FMLA and the ADA.

7. The United States District Court for the Western District of North Carolina has supplemental jurisdiction over all other remaining claims in the Complaint, including but not limited to Plaintiff's claim for wrongful discharge in violation of public policy, pursuant to 28 U.S.C. § 1367, as said claims are so related to claims in the action within the original jurisdiction of the Court (the FMLA and ADA claims) that they form part of the same case or controversy under Article III of the United States Constitution.

8. The Complaint in this case cites and relies upon the FMLA and the ADA – two federal statutory schemes for relief. *See* Complaint, ¶¶ 1, 38-54 (FMLA); ¶¶ 1, 56-66 (ADA).

9. The Plaintiff's claim for wrongful discharge in violation of public policy arises out of the same facts and circumstances as the FMLA and ADA claims and is so related to the FMLA and ADA claims to be part of the same case and controversy.

## III. REMOVAL TO THIS DISTRICT COURT IS PROPER

10. Venue is proper in the United States District Court for the Western District of North Carolina because the Superior Court of Mecklenburg County, North Carolina, sits within this

district. *See* 28 U.S.C. § 1446(a); 28 U.S.C. § 1391(a).

## IV. NOTICE OF REMOVAL IS TIMELY

11. Defendant timely files this Notice of Removal pursuant to the requirements of 28 U.S.C. § 1446, within 30 days after receiving a copy of the Summons and Complaint, through service or otherwise.

12. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being served upon Plaintiff's counsel and is being filed in the Office of the Clerk of Superior Court for Mecklenburg County.

## V. RESERVATION OF RIGHTS

13. Defendant reserves any and all rights to assert any defenses to Plaintiff's Complaint, including but not limited to lack of personal jurisdiction, insufficiency of service of process, insufficiency of process, statute of limitations, failure to exhaust administrative remedies, and failure to state a claim upon which relief can be granted.

WHEREFORE, Defendant hereby removes this action from the Superior Court of Mecklenburg County to the United States District for the Western District of North Carolina.

**GRAY, LAYTON, KERSH, SOLOMON, FURR & SMITH, P.A.**

Dated: July 2, 2025

/s/ Michael Carpenter
Michael L. Carpenter
N.C. State Bar No. 35202
Christopher M. Whelchel
N.C. State Bar No. 31857
516 South New Hope Road
Post Office Box 2636
Gastonia, NC 28053
(704) 865-4400
(704) 866-8010 facsimile
mcarpenter@gastonlegal.com
cwhelchel@gastonlegal.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

Certified that on this 2nd day of July 2025, I have served a copy of the foregoing **Notice of Removal** upon each of the following persons by electronic mail, and by placing said copies in postpaid envelopes addressed as follows, which are the last known addresses, and by depositing said envelopes and their contents in the United States mail:

Michael C. Harman
Harman Law, PLLC
10224 Hickorywood Hill Ave., Ste 202
Huntersville, NC 28078
michael@harmanlawnc.com

*Counsel for Plaintiff*

    /s/ Michael Carpenter
Michael L. Carpenter